IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY E. PROCTOR,                 :          Civil No. 3:16-CV-1666
                                    :
          Plaintiff,                :          (Judge Brann)
                                    :
     v.                             :
                                    :
C.O. GRAFFUS, *et al.*..,           :
                                    :
          Defendants.               :

**MEMORANDUM**

March 27, 2017

Plaintiff Anthony E. Proctor, an inmate currently confined at the State

Correctional Institution at Benner Township (SCI-Benner) in Bellefonte,

Pennsylvania, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Named as Defendants are twenty-two (22) individuals who appear to be employees

at SCI-Benner.  Plaintiff sets forth five (5) separate counts in his complaint against

different defendants, but contends they together are all a "continuing violation" of

his civil rights.   Along with his complaint, Plaintiff submitted a motion to proceed

*in forma pauperis* (Doc. 2) and an authorization to have funds deducted from his

inmate account (Doc.  3).  The complaint is presently before the Court for

obligatory preliminary screening pursuant to 28 U.S.C. § 1915A.  For the reasons

that follow, the motion to proceed *in forma pauperis* will be granted, but the first

two causes of action will be dismissed as barred by the statute of limitations. The remainder of the complaint is a violation of Federal Rule of Civil Procedure 20. As such, these claims will be dismissed, but without prejudice to Plaintiff to submit an amended complaint in this action to cure the deficiencies stated herein.

## I.     BACKGROUND

Plaintiff first alleges that he was issued Misconduct Report #572357 on May 3, 2013 by Defendant Graffus for the purpose of discriminating against him. In the report, Plaintiff was charged with fighting and refusing to obey an order ECF No. 1, Ex. A-1.) Plaintiff claims that he was actually ambushed, and that the surveillance video supports his position. He contends that Graffus "covered up" what really happened by only charging his assailant with fighting, and not also with refusing to obey an order. The Hearing Examiner dismissed the charges without prejudice against Plaintiff after viewing the video, but Plaintiff claims Graffus neither rewrote the misconduct nor recharged him.

Plaintiff next alleges that he was issued Misconduct #414382 by Defendant Grassmyer on June 5, 2014, with respect to a physical altercation that took place outside of the dining hall between Plaintiff and Inmate Evans. (*Id*. at 16, Ex. B-1.) Plaintiff claims that the surveillance video shows that Defendants Lusk, James, Whipple, Packard and other unidentified officers arrived, and then cuffed him and

2

Inmate Evans, but that Defendants then assaulted him.  He specifically raises

excessive force claims against Defendant James, Packard and Whipple.  It is

further alleged that Defendants appeared to let Inmate Evans "loose" on him prior

to quicky escorting Evans to the medical department.  Plaintiff states that he was

taken to the Restricted Housing Unit, and was not taken for medical care.  Plaintiff

was charged by Grassmyer with fighting and assault, but Evans was only charged

with fighting.  Defendant Hearing Examiner Ellenberger sanctioned Plaintiff to

thirty (30) days in the RHU for fighting and ninety (90) days in the RHU for the

assault, to run consecutively.  Plaintiff challenges this finding of guilt because the

video clearly depicts Evans as the aggressor.

Both the Program Review Committee ("PRC"), comprised of Defendants

Glass, Salamon and Link, and Defendant Superintendent Ferguson upheld the

Hearing Examiner's finding of guilt.  On appeal to the Chief Hearing Examiner,

the lesser charge of fighting was dismissed, but the more serious assault charge and

the resulting sanction of 90 days was upheld. (*Id*. at 17, Ex. B-2.)

Based on the foregoing, Plaintiff contends that the Defendants violated his

constitutional rights and that the actions taken by Defendants were in retaliation

against Plaintiff for successfully defending against the misconduct he was issued

on May 3, 2013.

3

Plaintiff next alleges that he was issued Misconduct #414662 on January 15, 2015 by Defendant McCullough for fighting with Inmate Sherman in the FA Unit Dayroom and refusing to obey an order.  (*Id*. at 18, Ex. C-1.)  Plaintiff contends that he was only engaging in self-defense after he was attacked by Sherman.  Sherman was not charged with fighting, and as such it is Plaintiff's contention that McCullough was attempting to cover up the assault. Plaintiff contends that McCullough discriminated against him because both McCullough and the assailant are Caucasian.  (*Id*. at 7.)  Plaintiff also claims that McCullough was deliberately indifferent to his health and safety in violation of the Eighth Amendment. According to Plaintiff, Defendant Hearing Examiner Ellenberger had no evidence before him that Plaintiff had committed an assault.  When Plaintiff refused to allow him to view the surveillance video, Plaintiff contends Ellenberger retaliated by finding him guilty of the misconducts.  Plaintiff further contends that Ellenberger racially discriminated against him because he was African American by giving him the same penalty that Sherman received when Sherman, who is Caucasian, was issued three (3) misconducts as opposed to the (2) misconducts Plaintiff received.

The PRC, consisting of Defendants Salamon, Graham, Link, Rossman and Wiggins, as well as Defendant Superintendent Ferguson, all Caucasian, upheld the guilty findings on the misconduct charges.  However, after viewing the video,

Ferguson reduced the sanction by 50% indicating that Plaintiff was acting defensively.  Chief Hearing Examiner Defendant Lewis upheld the Hearing Examiner's findings of guilt on both misconduct charges, despite Plaintiff's protests of self-defense and reference to the video, and despite the Superintendent's report. Plaintiff also seeks to hold Defendants Luciano, James and Hammer responsible because they were the first officers to respond to the incident, and believes that they were aware of the attack and even directed it before it happened.

In his fourth cause of action, Plaintiff alleges that on May 14 and 15, 2015, Superintendent Ferguson and Mr. Mathews, the Unit Manager of F Unit, orchestrated the interception from the prison mail system of a civil action he filed pursuant to 42 U.S.C. § 1983.  (*Id*. at 10-11.)  Plaintiff alleges that even though Officer Fisher on F Unit processed his cash slip and placed his envelope in the mailing bag, he never received a receipt for the postage cash slip and saw later in the month on his inmate account statement that the money to mail his complaint had never been deducted.  As further evidence of the mail tampering, Plaintiff claims that approximately one (1) month later he received his self-addressed envelope back with the cover page of his § 1983 action only bearing a "penciled in" date under a stamp that read "Received", and that there was no time entry indicated.   Based on the foregoing, Plaintiff claims he withdrew the action because he believed it had

5

been "adulterated". (*Id*. at 12.)

Finally, Plaintiff alleges that on July 15, 2016, Defendant Danison, Unit Manager of E Unit, and Defendant Sergeant, Unit Counselor of E and A Units, retaliated against him because he was an African American by denying unit team support for his release on parole.  (*Id*.) He claims that Defendants based their denial of support on the misconduct he received in January of 2015, Misconduct #414662, which Defendants claimed was a violation of Plaintiff's last Parole Board Action. (*Id*. at 19, Ex. D-1.)  Plaintiff challenged this basis for denying him unit team support, and claims that Defendants were retaliating against him by punishing him for acting in self-defense with respect to the ambush by a Caucasian inmate in January 2015.

Plaintiff seeks to tie the above allegations together in one complaint by alleging that Defendants all engaged in a continuing violation of his civil rights.  As relief, he seeks damages in excess of $50,000.00.

## II.   LEGAL STANDARD

This Court has an on-going statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials.  Specifically, the Court is obliged to review the complaint pursuant to 28 U.S.C. § 1915A, which

provides, in pertinent part:

> **(a)  Screening. –**   The court shall review, before docketing if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> **(b) Grounds for dismissal.** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.[1]

Under Section 1915A, the Court must assess whether a *pro se* complaint "fails to state a claim upon which relief may be granted."  This statutory text mirrors the language of 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."[2]

With respect to this benchmark standard for the legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

---

[1] 28 U.S.C. § 1915A.

[2] Fed. R. Civ. P. 12(b).

Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell v. Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) continuing with our opinion in *Phillips [v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal*, –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.[3]

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and construe all reasonable inferences therefrom in the light most favorable to the plaintiff.[4] However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss."[5] Additionally, a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged."[6] As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "require more than labels and conclusions, and a formulaic recitation of the elements of a cause of

---

[3] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cr. 2009).

[4] *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994).

[5] *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

[6] *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

action will not do."[7]  "Factual allegations must be enough to raise a right to relief

above the speculative level."[8]  In keeping with the principles of *Twombly*, the

Supreme Court has underscored that a trial court must assess whether a complaint

states facts upon which relief can be granted when ruling on a motion to dismiss.

When considering a motion to dismiss, a court should "begin by identifying

pleadings that, because they are no more than conclusions, are not entitled to the

assumption of truth."[9]  "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice."[10]

As the Third Circuit has stated:

[A]fter Iqbal, when presented with a motion to dismiss for failure to
state a claim, district courts should conduct a two-part analysis.  First,
the factual and legal elements of a claim should be separated.  The
district court must accept all of the complaint's well-pleaded facts as
true, but may disregard any legal conclusions.  Second, a district court
must then determine whether the facts alleged in the complaint are
sufficient to show that the plaintiff has a "plausible claim for relief."  In
other words, a complaint must do more than allege the plaintiff's
entitlement to relief.  A complaint has to "show" such an entitlement
with its facts.[11]

---

[7]  550 U.S. 544, 555 (2007).

[8]  *Id*.

[9]  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[10]  *Iqbal,* 556 U.S. at 678.

[11]  *Fowler*, 578 F.3d at 210-11.

In addition to these pleading rules, a civil complaint must also comply with Federal Rules of Civil Procedure 8(a) and 20.  Fed. R. Civ. P. 8(a) provides, as follows:

(a)    **Claim for Relief.**  A pleading that states a claim for relief must contain:

   (1)    a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

   (2)    a short and plain statement of the claim showing that the pleader is entitled to relief; and

   (3)    a demand for relief sought, which may include relief in the alternative or different types of relief.[12]

Federal Rule of Civil Procedure 20, addressing the matter of permissive joinder of parties states, in pertinent part, the following:

(a)    **Persons Who May Join or Be Joined.**

   (2)    **Defendants.**  Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
(B) any question of law or fact common to all defendants will arise in the action.[13]

---

[12] Fed. R. Civ. P. 8.

[13] Fed. R. Civ. P. 20.

10

Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact."[14]  "Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrences; and (2) some question of law or fact common to all the parties must arise in the action."[15]

## III.   DISCUSSION

The first two claims raised by Plaintiff are clearly barred by the statute of limitations.  The first claim occurred on May 3, 2013, and the second occurred on June 5, 2014.  The instant complaint was not filed until August 11, 2016.  It is well established that a complaint filed under 42 U.S.C. § 1983 is "characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims."[16]  In Pennsylvania, the statute of limitations

---

[14]  7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986).

[15]  *Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974).

[16]  *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).

applicable to Section 1983 claims is two years.[17] As such, the first two claims raised by Plaintiff are subject to dismissal for failure to state a claim on grounds of statute of limitations because Plaintiff commenced the present action more than two (2) years after the events set forth in Plaintiff's allegations.

The remaining three claims are not barred by the statue of limitations, but clearly violate Rule 20 as set forth above. They are alleged against different defendants, and clearly involve different incidents. Although Plaintiff attempts to link the claims together as a "continuing" violation of his civil rights, the Court rejects any such characterization and finds it a feeble attempt to litigate multiple claims in one complaint. Although Plaintiff wishes to tie the claims together by alleging a theory of "retaliation" by the defendants involved for Plaintiff's success or limited success in the past in defending against misconducts, he fails to offer any facts in support of his theory.

As presently drafted, Plaintiff's claims that are not in violation of the statute of limitations are in violation of Rule 20 and the prohibition against the joinder of defendants. However, Plaintiff will be afforded the opportunity to litigate this matter by endeavoring to promptly file an amended complaint. *Pro se* litigants should be

---

[17] 42 Pa. § 5524; *Cruz v. SCI-SMR Dietary Servs.*, 566 F. App'x 158, 160 (3d Cir. 2014).

afforded an opportunity to amend a complaint to correct the deficiencies, unless

granting such leave to amend would be futile or result in undue delay.[18]

## IV.    CONCLUSION

Accordingly, for all of the foregoing reasons, a separate Order will issue

dismissing Plaintiff's first two causes of action and directing the filing of an amended

complaint in this action.

BY THE COURT:


s/ Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[18] *See Fletcher-Hardee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).